UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**FRANCIS X. DEE**
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
973-622-7711
Attorneys for Defendants

| | |
|---|---|
| CONSTANCE L. ACE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ETHICON, INC., JOHNSON & JOHNSON, INC., MARTIN MADDEN, LUANI ALVARADO and TRACY PETERSON,<br><br>　　　　　Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>**Document Filed Electronically** |

**TO THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

PLEASE TAKE NOTICE that defendants Ethicon, Inc. ("Ethicon"), Johnson & Johnson (incorrectly identified in the Complaint as "Johnson & Johnson, Inc.") ("J&J"), Martin Madden ("Madden"), Luani Alvarado ("Alvarado") and Tracy Peterson ("Peterson") (hereinafter sometimes collectively referred to as "Defendants"), hereby remove this action from the Superior Court of New Jersey, Middlesex County ("Superior Court") to this Court, based upon federal question jurisdiction under 28 U.S.C. § 1332 and § 1441, and in accordance with the provisions of 28

U.S.C. §1446.  Pursuant to Local Rule 10.1, and subject to Local Rule 5.2, Ethicon's principal place of business address is Route 22 West, Somerville, New Jersey 08876, J&J's principal place of business address is One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933, Madden's address is 364 Thompson Mill Road, New Hope, Pennsylvania 18938,  Alvarado's address is 28 Todd Ridge, Titusville, New Jersey  08560, and Peterson's address is 12 Manchester Drive, Basking Ridge, New Jersey  07920.  In support of removal, Defendants state as follows:

1. Defendants are named as defendants in a civil action brought in the Superior Court of New Jersey, Law Division, Middlesex County, entitled "CONSTANCE L. ACE, Plaintiff, v. ETHICON, INC., JOHNSON & JOHNSON, INC., MARTIN MADDEN, LUANI ALVARADO and TRACY PETERSON " Docket No. MID-L-150-08.

2. This action was commenced on or about January 3, 2008 by plaintiff, Constance L. Ace ("plaintiff"), residing at P.O. Box 893, Whitehouse, Township of Readington, County of Middlesex,  State of New Jersey, by the filing of a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County.

3. On February 14, 2008, a copy of said Complaint, along with a Summons, Track Assignment Notice and Civil Case Information Statement were received by J&J, located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. This was the first receipt of the Summons and Complaint by service or otherwise.  Copies of the Summons, Complaint, Track Assignment Notice, and Civil Case Information Statement are annexed hereto as Exhibits A-D, respectively.  In filing this Notice of Removal, defendants do not waive any defects in service of process of the Summons and Complaint in this matter.  The aforesaid Summons, Complaint, Track Assignment Notice, and Civil Case Information Statement constitute all process, pleadings and orders received by defendants in this action.

4. This Notice of Removal is being filed within 30 days after copies of the Summons and Complaint were first received by defendants on February 14, 2008, thereby allowing defendants to remove pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction.

5. Upon information and belief, Luani Alvarado has not been served with copies of the Summons and Complaint in this matter. However, she has been informed of the existence of this lawsuit, and she consents to the removal of this action.

6. In paragraph 5 of her Complaint, plaintiff alleges, <u>inter alia</u>, that Ethicon failed "to appropriately compensate plaintiff for her pension . . . ."

7. Plaintiff alleges in the First Count of her Complaint that defendants terminated her employment with Ethicon because of her age, in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12 <u>et</u> <u>seq</u>.

8. The Second Count of plaintiff's Complaint is entitled "PROMISSORY AND EQUITABLE ESTOPPEL AND BREACH OF CONTRACT." In paragraph 7 of the First Count of her Complaint (which is repeated and realleged in paragraph 21 of the Second Count), plaintiff alleges that "[f]rom June 1981 until September, 1999, and from April 2002 to February, 2007, the plaintiff, CONSTANCE L. ACE was employed by the defendant, JOHNSON & JOHNSON INC., or various subsidiaries thereof including the defendant, ETHICON, INC." In paragraph 23 of the Second Count of her Complaint, plaintiff alleges that she was induced to accept employment with Ethicon in 2002 based upon representations "that plaintiff would be credited with seniority and pension entitlement 'as if she had never left' employment with defendant." In paragraph 25 of the Second Count of plaintiff's Complaint, she alleges that defendants "reneged on these promises to plaintiff by terminating plaintiff's employment." In paragraph 26 of the Second Count of the

Complaint, plaintiff alleges that "[a]s a result of the aforesaid, plaintiff's employment was terminated, and the value of her pension entitlement and stock options were negatively impacted to a significant degree."  In the "WHEREFORE" clause of the Second Count of her Complaint, plaintiff seeks, inter alia, "damages for lost pension and benefits," and attorneys' fees.

9. The pension benefits plaintiff alleges she has been denied are administered pursuant to an "employee pension benefit plan" within the meaning of Section 3 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002.  Plaintiff's claims for benefits as set forth in paragraph 5 and in the Second Count of the Complaint, therefore, arise under § 502 of ERISA, 29 U.S.C. § 1132.  Specifically, her claim to recover benefits allegedly due to her under the terms of the aforesaid pension plan arises under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  Further, plaintiff's claim for attorneys' fees arises under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), which provides that the court may allow a reasonable attorneys' fee and costs of action to either party in such actions.

10. Accordingly, this is a civil action arising under the laws of the United States of which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. §1331 and § 502(e) of ERISA, 29 U.S.C. § 1332(e).  Therefore, these claims may be removed to this Court pursuant to 28 U.S.C. §1441.

11. Pursuant to 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over any remaining State law claims alleged in plaintiff's Complaint, in that such claims arise from the same common nucleus of operative facts as plaintiff claims under the laws of the United States. Therefore, these supplemental claims are removable pursuant to 28 U.S.C. §1441(c).

12. Defendants will give prompt, written notice of the filing of this Notice of Removal,

with all attachments, to counsel for the plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.

WHEREFORE, defendants pray that this cause proceed in its entirety in this Court as an action properly removed thereto.

                                                McELROY, DEUTSCH, MULVANEY
                                                      & CARPENTER, LLP
                                                Three Gateway Center
                                                100 Mulberry Street
                                                Newark, New Jersey 07102-4079
                                                973-622-7711
                                                Attorneys for Defendants


                                                By:_____s/Francis X. Dee_____
                                                         FRANCIS X. DEE
                                                      A Member of the Firm

Dated: March 13, 2008

1061755