ARTHUR G. NEVINS JR.
Attorney At Law
56 Route 173
Hampton, New Jersey 08827
(908) 713 6666
Attorney for Plaintiff,
CONSTANCE L. ACE

---

CONSTANCE L. ACE,

        Plaintiff,

v.

ETHICON, INC., JOHNSON & JOHNSON, INC.,
MARTIN MADDEN, LUANI ALVARADO,
And TRACY PETERSON,

        Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION : MIDDLESEX COUNTY
CIVIL ACTION

Docket No. _-_52-08_

COMPLAINT

RECEIVED FEB 14 2008 T.B. Van Itallie, Jr.

Plaintiff, CONSTANCE L. ACE, residing at P.O. Box 393, Whitehouse, County of Hunterdon, State of New Jersey, respectfully alleges as follows:

## PARTIES

1. That at all times herein mentioned, the defendant, ETHICON INC., was and is a domestic corporation, duly formed and organized pursuant to the laws of the State of New Jersey, with a principal place of business located at P.O. Box 161, Route 22 West, Somerville, County of Somerset, State of New Jersey.

2. That at all times herein mentioned, the defendant, JOHNSON & JOHNSON INC. was and is a corporation and a parent company of the defendant, ETHICON, INC., with a principal place of business located in Middlesex County, New Jersey, which controls and directs the personnel decisions of ETHICON, INC., including the decisions relevant to the plaintiff's claims herein.

3. That at all times herein mentioned, the defendant, MARTIN MADDEN was an employee of the

defendant, ETHICON, INC., as Worldwide VP of Research and Development, and who upon information and belief ordered the alleged "job elimination" of the plaintiff and others.

4. That at all times herein mentioned, and upon information and belief, the defendant, LUANI ALVARADO, was Director of Human Resources for JOHNSON & JOHNSON INC., and supervised, managed and directed the defendant, TRACY PETERSON, and upon information and belief directed TRACY PETERSON to terminate plaintiff.

5. That at all times herein mentioned, the defendant, TRACY PETERSON, was Director of Human Resources for defendant, ETHICON INC. and /or JOHNSON & JOHNSON INC and was responsible for the termination of plaintiff and for the failure of defendant, ETHICON, INC., to appropriately compensate plaintiff for her pension and stock options.

6. That at all times herein mentioned, the plaintiff, CONSTANCE L. ACE, was an employee of the defendant, ETHICON, INC., from April 2002 to February 2007.

## FIRST COUNT
## VIOLATIONS OF NEW JERSEY LAW AGAINST DISCRIMINATION

7. From June 1981 until September, 1999, and from April 2002 to February, 2007, the plaintiff, CONSTANCE L. ACE was employed by the defendant, JOHNSON & JOHNSON INC., or various subsidiaries thereof including the defendant, ETHICON INC.

8. That on or about February 12, 2007, the plaintiff, CONSTANCE L. ACE was terminated from her position as Manager, Technology Assessment for the defendant, ETHICON, INC.

9. That at the time of her termination from employment by defendants, the plaintiff, CONSTANCE

L. ACE. was 55 years of age, having been born on March 20, 1951.

10. That on or after terminating plaintiff, the defendant, ETHICON INC., retained the services of substantially younger employee to perform the same duties as plaintiff had satisfactorily performed.

11. That the plaintiff performed all her duties satisfactorily and was never told that her work was in any way unsatisfactory.

12. Plaintiff's termination of employment by defendants occurred without cause or justification.

13. That the plaintiff was informed that she was terminated as a result of job elimination, however, other younger employees whose jobs were allegedly eliminated were placed in other positions within the company.

14. That approximately the same time as plaintiff was terminated, the defendants were seeking to employ a person with similar qualifications for a similar position.

15. Plaintiff applied for the aforesaid position, however, she was rejected, and that position was filled by a younger person with less seniority.

16. That the termination of the plaintiff due to the alleged elimination of her position was pretextual and based solely upon plaintiff's age, as was the failure to hire plaintiff for the aforementioned advertised position for which she was qualified and for which she applied and was rejected.

17. That all the above actions by or on behalf of defendants were in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12, et seq.

18. That in their actions as aforesaid, the defendants, ETHICON, INC., and JOHNSON & JOHNSON, INC., MARTIN MADDEN, LUANI ALVARADO and TRACY PETERSON, violated the civil rights of the plaintiff, based on her age, all in violation of the New Jersey Law Against Discrimination, NJSA 10:5-12 et seq.

19. That this discrimination as aforesaid had a personal impact upon the plaintiff as well as a disparate impact upon the older management employees throughout Ethicon Inc. and Johnson & Johnson Inc.

20. That as a result of the foregoing, the plaintiff, CONSTANCE L. ACE, demands judgment against the defendants for all damages to which she is entitled under the New Jersey Law Against Discrimination, including but not limited to damages for personal injuries, pain and suffering, mental and emotional distress and humiliation, front pay and back pay, damages for lost pension and benefits, including the value of stock options, reinstatement of employment, health, medical and other benefits, damages for loss of character and reputation and attorneys fees, together with costs and interest.

## SECOND COUNT

### PROMISSORY AND EQUITABLE ESTOPPEL AND BREACH OF CONTRACT

21. Plaintiff repeats and realleges each and every allegation contained in the First Count as if the same were more fully set forth at length.

22. Plaintiff left the employ of defendant in approximately September of 1999, and was successfully self employed as technical and strategic consultant from October 1999 through April 2002.

23. In approximately April, 2002, plaintiff was approached by defendants for a full time consulting position and ultimately as a full time employee as Research Fellow, Ortho Clinical Diagnostics, a subsidiary of Johnson & Johnson. In January 2006, plaintiff accepted a position as Manager, Technology Assistant with defendant, ETHICON INC. Plaintiff's expressed reservations regarding a full time position were alleviated by defendants, and plaintiff was induced to accept this position upon the representation of Peter Vermeullen, Director of Human Resources, subsequently confirmed by defendant, TRACY PETERSON, subsequent H.R.

Director, and John Sheets, plaintiff's senior manager, that plaintiff would be credited with seniority and pension entitlement 'as if she had never left' employment with defendant.

24. Plaintiff relied upon defendants' representations as aforesaid and accepted defendants' offered position in January 2002.

25. That in February of 2007, defendants, ETHICON INC., and their employees, TRACY PETERSON, LUANI ALVARDO and JOHNSON & JOHNSON INC. reneged on these promises to plaintiff by terminating plaintiff's employment.

26. As a result of the aforesaid, plaintiff's employment was terminated, and the value of her pension entitlement and stock options were negatively impacted to a significant degree.

27. That all of the foregoing occurred solely as a result of the actions of the defendants, their agents, and employees, with no fault on the part of the plaintiff contributing thereto.

WHEREFORE, the plaintiff, CONSTANCE L. ACE, demands judgment against the defendants for all damages, including but not limited to damages for personal injuries, pain and suffering, mental and emotional distress and humiliation, punitive damages, back pay, front pay, damages for lost pension and benefits; damages for diminished value to stock options, reinstatement of employment, health and medical benefits, damages for loss of character and reputation, attorneys fees, costs and interest.

Dated: December 20, 2007

ARTHUR G. NEVINS, JR.
Attorney for Plaintiff,
CONSTANCE L. ACE

## JURY DEMAND

Plaintiff demands trial by a jury of six.

CERTIFICATION

I hereby certify pursuant to Rule 4:5-1 that there are no related proceedings or actions to my knowledge, and that no such actions are contemplated. To my knowledge, no other parties should be joined in this action.

I hereby certify that a copy of the within Complaint has been filed with the Clerk of the within Court within the time allowed by the rules of Court. I further certify that the foregoing statements made by me are willfully true and if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 20, 2007

ARTHUR G. NEVINS, JR.
Attorney for Plaintiff,
CONSTANCE L. ACE